# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO GARCIA,<br><br>　　　　　　　　Petitioner,<br>　vs.<br>JIMMY WALKER, Warden,<br><br>　　　　　　　　Respondent. | Civil No. 07cv1600-BTM (RBB)<br><br>**ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT** |

On March 25, 2009, this Court entered judgment denying Petitioner's First Amended Petition for a writ of habeas corpus, and issued a limited Certificate of Appealability. (Doc. Nos. 28-29.) On May 1, 2009, Petitioner filed a Notice of Appeal and Motion to Broaden the Certificate of Appealability, which were transmitted to the Ninth Circuit Court of Appeals. (Doc. No. 30.) On June 2, 2009, the Ninth Circuit found that "the May 1, 2009, notice of appeal was not filed or delivered to prison officials within 30 days from entry of the March 25, 2009 judgment," and dismissed the appeal for lack of jurisdiction.[1] (Doc. No. 33.)

---

[1] Petitioner is entitled to the benefit of the "mailbox rule" which provides for constructive filing of court documents as of the date they are submitted to the prison authorities for mailing to the court. Anthony v. Cambra, 236 F.3d 568, 574-75 (9th Cir. 2000); see also Fed.R.App.P. 4(c) ("If an inmate confined in an institution files a notice of appeal in either a civil or criminal case, the notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing.") According to the proof of service and signature pages of Petitioner's Notice of Appeal and Motion to Broaden the Certificate of Appealabiity, those documents were mailed to the Court on Tuesday, April 28, 2009. A timely notice of appeal in this action must have been filed "within 30 days after" the March 25, 2009 entry of judgment, on or before Friday, April 24, 2009. See Fed.R.App.P. 4(a)(1)(A). Thus, even using April 28, 2009, as the constructive filing date of the Notice of Appeal, it was several days late.

On June 10, 2009, Petitioner filed a Second Notice of Appeal in this Court, which was transmitted to the Ninth Circuit and assigned a separate case number. (Doc. Nos. 34-35.) On July 8, 2009, the Ninth Circuit dismissed the second appeal as duplicative of Petitioner's first appeal. (Doc. No. 37.) The Ninth Circuit construed Petitioner's second notice of appeal as a motion for reconsideration of its June 2, 2009 Order dismissing the appeal for lack of jurisdiction, and denied the motion for reconsideration on August 13, 2009. (Doc. No. 38.) The Ninth Circuit at that time also indicated that: "No further filings shall be accepted in this closed case." (Id.)

Presently before the Court is a Motion for Relief from Judgment pursuant to Federal Civil Rule 60(b) filed by Petitioner. (Doc. No. 42.) He contends that his notice of appeal was timely filed, that the Ninth Circuit erred in finding it was untimely, and that his only recourse is in this Court. (Id. at p. 16.) To the extent Petitioner contends that this Court can determine whether his appeal was timely, he is wrong. Such a question is exclusively within the province of the Ninth Circuit. See United States v. Sadler, 480 F.3d 932, 940 (9th Cir. 2007) ("We, not the district court, are the ultimate arbiters of compliance with the rules governing the appellate process.")

Nevertheless, there are very limited circumstances in which the district court may vacate its prior judgment pursuant to a Rule 60(b) motion filed after the time to appeal has expired, and re-enter judgment to permit the filing of a timely notice of appeal. Rodgers v. Watt, 722 F.2d 456, 458-59 (9th Cir. 1983) (en banc). Relief under Watt is only available where the petitioner can demonstrate due diligence and excusable neglect, and then only where the excusable neglect arose after expiration of the time to file a motion for extension of time to file an appeal under Fed.R.App.P. 4(a)(5); Watt, 722 F.2d at 459. However, where, as here, "[w]hen relief from judgment is sought after the thirty day period allowed by Rule 4(a)(5), the applicability of the Rule 60(b)(1) excusable neglect standard may be questioned as being counter to the policy indicated by Rule 4(a)(5)'s time frame." Watt, 722 F.2d at 459. In addition, the Federal Rules of Appellate Procedure were amended in 1991 to add Fed.R.App.P. 4(a)(6), explicitly setting time limits for filing a motion in the district court to reopen the time to appeal when a party did

1 not receive notice of entry of judgment. That Rule provides that the petitioner must have failed
2 to receive notice of entry of judgment within 21 days after entry of judgment, and that the
3 motion must be filed within 180 days after entry of judgement or within 14 days after the moving
4 party receives notice of entry of judgment. Fed.R.App.P. 4(a)(6).

5       There is no basis for relief under Rule 4(a)(6) because final judgment in this action was
6 entered over a year ago, and Petitioner received notice of entry of that judgment sometime before
7 he filed his Notice of Appeal over a year ago. See In re Stein, 197 F.3d 421, 426 (9th Cir. 2000)
8 ("Once the 180-day period [in Rule 4(a)(6)] has expired, a district court cannot rely on the one-
9 time practice of vacating the judgment and reentering the same judgment in order to create a new
10 appeal period.") Neither is there a basis for relief under Rule 60(b) because Petitioner has made
11 no effort to demonstrate diligence or excusable neglect in his Rule 60(b) motion, which in any
12 case was filed over a year after entry of judgment. Watt, 722 F.2d at 459 (holding that a Rule
13 60(b) "motion must be made within a reasonable time not to exceed one year in certain
14 categories, including that of 60(b)(1)'s excusable neglect" provision).

15       Petitioner's Motion for Relief from Judgment is **DENIED**.

16       **IT IS SO ORDERED.**

17 DATED: May 21, 2010

18

19           Honorable Barry Ted Moskowitz
           United States District Judge
20

21
CC:      ALL PARTIES
22

23

24

25

26

27

28